# Exhibit 11



Justin Tribbet
Senior Director- NECEC
AVANGRID Networks
83 Edison Drive
Augusta, ME 04336

February 3, 2025

Holly Davies
Chief Legal Counsel
Campos EPC, LLC
6 Columbia Drive
Amherst, NH 03031

RE: Stop Work Notice

Dear Ms. Davies,

I am writing to follow up on Campos's recent letter noting that you intend to stop work today at 7PM pending resolution of Change Order Request ("COR") 5.  As we have previously explained, NECEC has followed the contract process for review of change order requests, and it will continue to do so.  NECEC does not yet have sufficient information to make a determination as to the merit of this pending change order.  That is so both because we have not received "sufficiently defined and detailed" backup for the claim itself and because the claim is solely the result of schedule delays and thus inextricably linked to COR 4, which is the subject of active discussions among the parties.  A work stoppage by Campos in the meantime would be a breach of contract that would almost certainly result in very significant damages regardless of the validity of the pending change order requests.

Article 9 of the Parties' contract does not contain a specific timeframe for evaluation of change orders, and in any event no timeframe could be running on NECEC's evaluation of Campos's currently pending change order requests because Campos has not provided sufficient information for evaluation of those requests.

Moreover, even if there were a ripe dispute about the validity of the change order requests, Campos may not terminate the Contract.  Pursuant to Article 7.11(e), Campos may terminate only when there is an "Owner Default."  Article 7.11(d) makes clear that NECEC can only be in default if there is no good faith dispute about whether an amount is due, and even then a default can only arise 60 days after receipt of a written notice of default.  NECEC is inarguably not in default pursuant to these provisions.

The Contract gives Campos no right to suspend or stop work at all.  To the contrary, Article 7.6 of the Contract obligates Campos to "perform the work in strict accordance with the Work Schedule."  Campos is already in breach of contract for failure to complete the project on time, and a work stoppage would just exacerbate that breach.

#17819477v1



Simply put, the Contract plainly requires Campos to complete the Work, with any dispute about pending change order requests to be resolved pursuant to the Contract's dispute resolution clauses. Any failure by Campos to follow those requirements would be a breach of contract. Accordingly, NECEC would be well within its rights to simply insist that Campos follow these provisions.

In the spirit of cooperation, however, NECEC is willing to advance to Campos a total of $2.5 million, payable in five equal weekly installments beginning on Friday February 14. These payments would be made subject to a full reservation of all Parties' rights, would not be a waiver or admission by either side, and would expressly reserve to each party its rights to advance any argument or position it would otherwise have. That is, Campos would be free pursue further payments pursuant to the Contract's dispute resolution procedures, and NECEC would be free to seek recoupment of these advanced monies if it determines after proper review that the pending change order requests are not valid.

Please separately invoice each of the installment payments described as "COR 5, Conditional Payment #X."

Sincerely,

Signed by:

*Justin Tribbet*
FF49F4E679F2431...

Justin Tribbet

#17819477v1