# Exhibit 16



April 11, 2025

**BY EMAIL ONLY**

Paul D. DiLorenzo (paul.dilorenzo@camposepc.com)
Director EPC, East Region
Campos EPC, LLC
6 Columbia Dr.
Amherst, NH  03031

    **Re:**  **Agreement for Engineering, Procurement and Construction of the New England Clean Energy Connect HVDC Underground Transmission Line entered into as of May 21, 2024, by and between Campos EPC LLC and NECEC Transmission LLC (the "Agreement").**

Dear Paul,

  NECEC has received Campos' Notice of Substantial Completion dated April 2, 2025.  For the reasons set forth below, NECEC: (1) rejects Campos' Notice of Substantial Completion; (2) notifies Campos of various defaults under the parties' Agreement; and (3) rescinds the Change Order between Campos and NECEC executed in February 2025.[1]

**1.  Rejection of Notice of Substantial Completion**

  In its Notice of Substantial Completion, Campos represents and claims to certify, among other things, that "the Work, to the date of the Notice of Substantial Completion, has been completed in strict accordance with the requirements of the Agreement."  Campos' representation is inaccurate.  The Agreement requires Campos to install and provide seven conduits as part of the Project.  *See* Agreement, Attachment A-2.  Campos failed to do so.  As Campos admits, it has installed and provided only six conduits that are operational.  And at this point, as Campos must concede based on numerous conversations with NECEC, it is no longer feasible to install a seventh conduit.  Campos therefore does not and cannot meet either Substantial Completion or Final Completion of the Work under the Agreement.  Accordingly, NECEC rejects Campos' Notice of Substantial Completion.

**2.  Notice of Default**

  In addition to rejecting Campos' purported Notice of Substantial Completion, NECEC has identified, and hereby notifies Campos of, at least the following defaults under § 7.11(b) of the Agreement:

  a. Campos failed to perform a material obligation by installing only six of the seven conduits specified in Attachment A-2 of the Agreement, *see* Agreement § 7.11(b)(v);

  b. Campos failed to achieve Substantial Completion of the Work on or before the Guaranteed Substantial Completion Date—and cannot achieve Substantial Completion given the inability to install the seventh conduit, *see* Agreement § 7.11(b)(x); and

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Agreement.

    c.    Campos cannot achieve Final Completion of the Work on or before the Guaranteed Final Completion Date because it cannot install the seventh conduit, *see* Agreement § 7.11(b)(xi).

Given the nature of these defaults, each is incapable of cure in any of the cure periods set forth in the respective Sections of 7.11(b). *See* Agreement §§ 7.11(b)(v), (x), and (xi). Each default therefore constitutes a Contractor Default.

**3.** **Rescission of the Change Order**

NECEC also notifies Campos that the Change Order executed in February 2025—which increased the Agreement Sum by $14,500,000 and extended the Guaranteed Substantial Completion Date and the Guaranteed Final Completion Date—is invalid and hereby rescinded. Campos demanded the changes set forth in that Change Order without any contractual basis. Section 9.1(b) enumerates the limited bases for Campos to request a change order. Campos did not identify any of those bases, instead demanding the changes for other reasons, including the "underground conditions differing from those known conditions at the time of bid." When NECEC refused to consent to the change orders, including because they did not fall within the reasons for requesting a change order set forth in 9.1(b), Campos resorted to threats, making clear that it would stop work immediately, demobilize, dismantle all prior installations, and irreparably destroy the bore path if NECEC did not agree to the Change Order terms within twenty-four hours. Fearing Campos would follow through on those threats, NECEC complied with Campos' demands and agreed to the Change Order—but NECEC did not consent freely, only doing so under economic duress.

\*     \*     \*

In light of the Contractor Defaults enumerated above and NECEC's recission of the February 2025 Change Order, NECEC is entitled to and elects to exercise its set-off rights and withhold payment of amounts due, or to become due, to Campos. *See, e.g.*, Agreement § 7.10(c).

NECEC is available to discuss these issues in the hope that the parties can reach a resolution and move forward.

NECEC reserves all rights and remedies under the Agreement, applicable law, and at equity. Nothing in this letter waives any past, present, or future violation, default, or other claim that NECEC has or may have against Campos, including any Contractor Default, whether currently known or unknown, or any other claims that may arise. All rights, privileges, and remedies available under the Agreement, applicable law and at equity, are hereby expressly reserved in all respects.

    Sincerely,

    Benjamin Shepard

cc:    Holly Davies, Esq.
        Matt Campano
        Cory Richins
        Manuel Marquez-Asensio
        Justin Tribbet
        Olga Zabawa
        Joseph Purington
        Thomas Weir, Esq.