**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

NECEC TRANSMISSION LLC,

               Plaintiff,

    v.

CAMPOS EPC, LLC, and H.D.D.
COMPANY, INC.,

               Defendants.

Case No. 1:25-cv-05351

**ECF Case**

---

<u>**STIPULATED PROTECTIVE ORDER**</u>

Pursuant to Federal Rule of Civil Procedure 26(c) and the Local Rules of this Court governing disclosure and discovery, and upon the agreement and stipulation of Plaintiff NECEC Transmission LLC ("NECEC"), Defendant Campos EPC, LLC ("Campos"), and Defendant HDD Company, Inc. ("HDD") (sued as "H.D.D. Company, Inc.") (NECEC, Campos, and HDD are referred to individually as a "Party" and collectively as Parties") to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect Confidential Material, and ensure that protection is afforded to materials so entitled in this action (the "Action"), the Court enters this stipulated order ("Protective Order" or "Order"), which is binding on the current Parties and any person or entity that in the future becomes a Party in this Action, as well as their respective attorneys, agents, representatives, officers and employees, and others as set forth herein. This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

**I.     DEFINITIONS**

    1.     <u>Action</u>: The above-captioned action.

2.    <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

3.    <u>Confidential Information or Confidential Material</u>: Any Discovery Material that is designated as "CONFIDENTIAL" and for which there is a good faith basis to believe that: (i) such Discovery Material (a) constitutes or contains nonpublic proprietary or confidential technical, business, financial, or other information, including Personal Information, of a nature that can be protected under Federal Rule of Civil Procedure 26(c) or (b) is subject by law or by contract to a legally protected right of privacy; or (ii) a Producing Party (a) is under a preexisting obligation to a third-Party to treat such Discovery Material as confidential or (b) has in good faith been requested by another Party or Non-Party to so designate such Discovery Material on the grounds that such Discovery Material contains information that is confidential or proprietary to such Party or Non-Party. Any portion of Discovery Material that has been published or otherwise made publicly available is not Confidential Information. Nothing in this Order shall limit a Party's obligation to produce relevant and responsive documents pursuant to Federal Rule of Civil Procedure 26(a).

4.    <u>Consultant</u>: Individuals or entities that work for a Party as an independent contractor and/or consultant in the day-to-day course of business unrelated to the Action.

5.    <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their supporting colleagues and staff).

6.      <u>Designating Party</u>: A Party or Non-Party that designates information or items produced in discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

7.      <u>Disclosed</u>: Shown, Divulged, Revealed, Produced, Described, Transmitted, or otherwise communicated, in whole or in part.

9.      <u>Discovery Material</u>: All documents, items, or other information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this Action. This includes any material produced, filed, or served by any Party or Non-Party during discovery in this Action, or any information included in any such material. This further includes all information contained in produced documents, including without limitation electronically stored information ("ESI") and metadata. Discovery Material may include, but is not limited to, deposition testimony and transcripts, and documents and tangible things produced by a Party or Non-Party (whether produced pursuant to Federal Rule of Civil Procedure 34, subpoena, or otherwise). Discovery Material produced, exchanged, or disclosed in this Action shall be used only for the purposes of this Action, and not for any other proceeding, or for any other business, competitive, personal, private, public, or other purpose.

10.     <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness in this Action and is not a current employee of a Party.

11.      <u>Highly Confidential Information or Highly Confidential Material</u>: Any Discovery Material that is designated as  "HIGHLY CONFIDENTIAL" and for which there

is a good faith basis to believe contains Critical Energy Infrastructure Information (CEII), defined as specific engineering, vulnerability, or detailed design information about proposed or existing critical infrastructure that (i) reveals details about the production, generation, transportation, transmission, or distribution of energy; (ii) could be useful to a person in planning an attack on critical infrastructure; (iii) is exempt from mandatory disclosure under the Freedom of Information Act, 5 U.S.C. § 522; and (iv) does not simply give the general location of the critical infrastructure.

12.    <u>In-House Counsel</u>: Attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

13.    <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

14.    <u>Outside Counsel of Record</u>: Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

15.    <u>Party</u>: Any Party to the Action, including all of its officers, directors, Consultants, and employees.

16.    <u>Personal Information:</u> Non-public personal information that is linked or reasonably linkable to an identified or identifiable natural person, including, but not limited to, Social Security number; driver's license number, or state or federal government identification number, or foreign country equivalent identification number; passport number; financial account number; credit or debit card number; financial

information or transactions, medical or health history and records, and criminal history; and any other protected personal information subject to non-disclosure obligations imposed by governmental authorities, law, or regulation.

18.    Privilege: The attorney-client privilege, the work-product doctrine, the common-interest doctrine, or any other privilege, protection, or immunity recognized by law.

19.    Producing Party: A Party or Non-Party that produces Discovery Material.

20.    Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

21.    Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

22.    Receiving Party: A Party or Non-Party that receives Discovery Material from a Producing Party.

II.    **CONFIDENTIALITY**

1.    Confidentiality Designations: Discovery Material may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (collectively, "Protected Material"). Parties and Non-Parties shall make confidentiality designations in good faith to ensure that only those documents or information that merit Protected Material treatment are so designated.

2.    Standard for Protected Material: The standard for Protected Material is Discovery Material that has not been made public and for which there is a good faith basis to believe qualifies for protection under standards developed under Federal Rule of Civil Procedure 26(c), including, but not limited to, nonpublic proprietary or

confidential technical, business, financial, or other information, including Personal Information.

3.    <u>Procedure for Confidentiality Designations</u>:

    a.    <u>Designation</u>: To designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" the Producing Party must mark it "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or identify it on the record as such.

    b.    <u>Marking Documents</u>: A document, tangible object, discovery request, discovery response, or pleading disclosed, produced, or filed may be designated Protected Material by marking the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL"  or substantially equivalent language on the face of the document and each page of the document. Such markings should not obliterate or obscure the content of the material that is produced. With respect to tangible items or ESI produced in native format, the appropriate legend shall be marked on the face of the tangible item or media containing ESI, if practicable, or by written notice to the Receiving Party at the time of disclosure, production, or filing that such tangible item or media is Protected Material or contains such information. In all cases, the designation of Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall constitute a representation that there is a good-faith basis for that designation.

    c.    <u>Marking Testimony</u>: For testimony given in deposition or other pretrial proceedings, Parties and deponents may, on the record during the deposition

or other proceeding, or at any other time within forty-five (45) days after the deposition or other proceeding has concluded, designate the transcript (and exhibits thereto) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Deposition testimony shall be treated as "HIGHLY CONFIDENTIAL" pending the forty-five (45) day deadline. A Party thereafter seeking to assert inadvertent failure to designate deposition testimony shall do so on motion to the Court and shall have the burden of showing grounds for relief. Parties shall give the other Parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the certification in the form attached hereto as Appendix A are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. The Parties shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 45-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

d.    <u>Marking Other Information and Tangible Items</u>: The Producing Party shall affix in a prominent place on the exterior of the container or containers in

which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," or substantially equivalent language.

e.   <u>Inadvertent Failures to Designate</u>: Other than testimony subject to the inadvertent-failure-to-designate provisions of Paragraph II.3(c) of this Order, the inadvertent failure to designate particular Discovery Material as Protected at the time of production shall not operate to waive a Party's or Non-Party's right to later designate such Discovery Material as Protected. Any correction and notice of the correction shall be made in writing, accompanied by substitute copies of each item of Discovery Material, properly marked with the level of protection being asserted in accordance with Paragraph II.3(b) of this Order. Thereafter, the Receiving Party must immediately return to the Producing Party or, at the Receiving Party's election, destroy the original Protected Material and all copies of the same and make no use of such information. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation. If the Discovery Material that was inadvertently not designated is, by the time of the later designation, filed with a court on the public record, the Party or Non-Party that failed to make the designation shall move for appropriate relief.

f.   <u>Non-Parties</u>: For the avoidance of doubt, any nonparties who produce documents and data in this litigation may designate material pursuant to this

Order to the same extent and under the same protections as any Party to the litigation and this Order.

4.    <u>Redaction for Privilege or Protection</u>: Any Producing Party may redact from the Discovery Materials it produces any matter that the Producing Party claims is subject to attorney-client privilege, work-product protection, or any other privilege or immunity. For each Discovery Material withheld or redacted based upon privileged or immune material, the Producing Party shall disclose a categorical privilege log at the time its production has concluded which sets forth the basis of the privilege being asserted and sufficiently describes the subject matter and characteristics of the information being withheld consistent with Southern District of New York Local Rule 26.2(c) and the Parties' stipulated Protocol for the Discovery of Electronically Stored Information.

5.    <u>Challenges to Confidentiality Designations</u>:

    a.    A Party may at any time, in good faith, object to the propriety of a confidentiality designation for specific Discovery Material, by serving by email a written objection upon the Party's or Non-Party's Counsel. Within seven (7) days following the service of an objection, the respective Counsel will meet and confer by phone concerning the objection. If after seven (7) days following the meet and confer, there is no agreement to change the designation of the Discovery Material, the objecting Party may seek expedited relief from the Court. Upon motion, the Court may order the removal of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation from the Discovery Material so designated. In connection with

any request for relief from the Court, the Designating Party shall bear the burden of proof.

b.    Pending the Court's resolution of any dispute over the confidentiality designation to be applied to Discovery Material, the confidentiality designation shall apply. Any motion with respect to the confidentiality of Discovery Material shall, if appropriate, be filed under seal.

III.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

1.    <u>Basic Principles</u>: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Paragraph III.6 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

2.    <u>Disclosure of Confidential Information or Material</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.    The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.    The officers, directors, Consultants, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c. Experts (as defined in this Order), including expert witnesses (testifying and non-testifying) of the Receiving Party to whom disclosure is reasonably necessary for this Action, provided that, before access is given, the Expert has signed the certificate attached hereto as Appendix A.

d. This Court, any appellate court(s) to which an appeal of this Action is taken, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony, argument, or at any deposition, hearing, trial, or appeal in this Action;

e. Court reporters and their staff;

f. Professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed a certification in the form attached hereto as Appendix A;

g. Any person designated by the Court upon such terms as the Court may deem proper;

h. Deponents and trial witnesses who have a reasonable need to see the Protected Material in order to provide testimony;

i. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

j. Any other persons specified in Paragraph III.3; and

k. Other persons only by written consent of the Designating Party.

3. <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Material</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

a.    The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.    The In-House Counsel of the Receiving Party and Employees of the Receiving Party who worked on the Project;

c.    Experts (as defined in this Order), including expert witnesses and expert consultants, of the Receiving Party to whom disclosure is reasonably necessary for this Action, provided that, before access is given, the expert witness or consultant has signed the certificate attached hereto and the same is served upon the Designating Party;

d.    This Court, any appellate court(s) to which an appeal of this Action is taken, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony, argument, or at any deposition, hearing, trial or appeal in this Action;

e.    Court reporters and their staff;

f.    Professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the certificate attached hereto as Appendix A;

g.    Deponents and trial witnesses who have a reasonable need to see the Protected Material in order to provide testimony and who have signed the certificate attached hereto as Appendix A;

h.    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

i.    Other persons only by written consent of the Designating Party.

4.    <u>Use of Protected Material</u>:

a.    <u>Restricted to This Proceeding</u>: Unless otherwise stipulated by the Parties, all Discovery Material produced, or information derived therefrom, including but not limited to Confidential Material, shall be used solely for the purposes of the Action and shall not be used for any other purpose. No Discovery Material will be used by the Receiving Party in any other litigation, proceeding, regulatory action, or for any other purpose in this or any other jurisdiction, unless so stipulated.

b.    <u>Filings</u>: Unless agreed otherwise, all Parties shall file under seal any Protected Material, such as by redacting Protected Material in pleadings, briefs, declarations, and memoranda, and replacing exhibits that constitute Protected Material with a placeholder, and providing unredacted and complete copies of all such submissions to all Parties to this Order and to the Court. The filing Party shall comply with the filing procedures described under Judge Oetken's Individual Rule 6.C and notify the Designating Party that it must file, within three (3) days, a letter explaining the need to seal or redact the Protected Material.

c.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person not authorized under this Order,

the Receiving Party must immediately (a) use its best efforts to retrieve all copies or obtain a certification of destruction of the Protected Material, (b) promptly notify the Designating Party of the scope and nature of the unauthorized disclosure, including detailing the best efforts it has taken to retrieve all copies or obtain a certification of destruction of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the certificate attached hereto as Appendix A.

d.   This Order shall not restrict any attorney who is a qualified recipient under the terms of the Order from rendering advice to his or her client that is a Party to this Action, and in the course thereof, from generally relying upon his or her examination of Protected Material. In rendering such advice, or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any Protected Material of another Party or Non-Party where such disclosure would not otherwise be permitted under the terms of this Order.

5.   <u>Requests by a Third Party for Protected Material</u>: If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process or request from any court, federal or state regulatory or administrative body or agency, legislative body, self-regulatory organization, or other person or entity purporting to have authority to require the production thereof, that seeks disclosure of any Protected Material (collectively, a "Demand") the Receiving Party must notify, to the extent permitted by law and the

rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Designating Party. The notification must be in writing (by email, if possible), include a copy of the Demand, and be made as soon as reasonably practicable, in order to allow the Designating Party at least ten (10) days to take such protective steps as it deems appropriate, which steps, if any, the Designating Party shall take at its own cost and expense. The Receiving Party also must promptly inform the Party that caused the Demand to issue that some or all of the material covered by the Demand is the subject of the Order. In the absence of an objection within ten (10) days of receipt of the aforementioned notification, the Receiving Party may produce responsive documents, materials, or other information. In order to suspend or prevent production by the Receiving Party in response to a Demand, said objection must be lodged with the entity that made the Demand, or in a proceeding in connection with which the Demand was made, and must be sufficient to relieve or stay the obligation of the Receiving Party to comply with the Demand until the objection has been resolved. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring that any Party to this Order subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, legislative body, or regulatory body.

6.    Return or Destruction of Protected Material:

a.    Within ninety (90) days of the final disposition of this Action—including all appeals—all recipients of Protected Material must either return the Protected Material and all copies thereof to the Producing Party, or, at the

Receiving Party's election, destroy such material and copies. Each Party must certify the return or destruction of Protected Material by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, notes, or other forms of reproducing or capturing any of the Protected Material in whole or in part. Notwithstanding this provision, (1) each Party may retain any such Protected Material that was possessed during the course of the Project and subject to the confidentiality obligations associated with the Project and (2) the Counsel of Record for the Parties in this Action may retain all pleadings, motion papers, transcripts, expert reports, discovery responses, deposition exhibits, trial exhibits, legal memoranda, correspondence, and attorney work product generated or received in this Action, even if such materials contain Protected Material. Any such copies that contain or constitute Protected Material remain subject to this Order and shall not be used for any purpose outside of those permitted by this Order.

b.    The Receiving Party's reasonable efforts shall not require the return or destruction of materials that (i) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) are subject to document preservation obligations; or (iii) are otherwise required by law to be retained. Backup storage media need not be restored for purpose of returning or certifying destruction of materials, but any such materials retained in backup storage media shall continue to be treated in accordance with this Order.

IV.    **PRIVILEGE**

1.    <u>No Waiver by Disclosure</u>:

    a.    The production of privileged or work-product protected documents, ESI or Discovery Material, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Action or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

    b.    If a Producing Party becomes aware that it has inadvertently produced privileged or work-product protected information, the Producing Party will promptly notify each Receiving Party in writing (by email) of the inadvertent production. Within two (2) business days of receipt of such notice, each Receiving Party to which such notice is directed: (a) must return, sequester, or destroy the protected information and any copies (except to challenge the claim of privilege or protection before the Court to the extent permitted under Federal Rule of Civil Procedure 26(b)(5)(B)); (b) must not use or disclose the protected information (except to challenge the claim of privilege or protection before the Court to the extent permitted under Federal Rule of Civil Procedure 26(b)(5)(B)) until the claim of privilege or protection is resolved or withdrawn; (c) must take reasonable steps to recall the protected information if that Receiving Party disclosed it before being notified; and (d) must, upon the Producing Party's request, provide a written certification of Counsel that all such disclosed protected information has been returned, sequestered, or destroyed. The Receiving Party shall also destroy summaries of notes relating to, and extracts and/or

data derived from any such inadvertently or mistakenly produced information, immediately if no challenge is made to the privilege claim by the Receiving Party, or upon resolution by the Court of any challenge in favor of the Producing Party.

c.    Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or Discovery Material (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

## V.    MISCELLANEOUS

1.    <u>Limitations</u>: Nothing contained herein shall operate as an admission by any Party as to the admissibility in evidence of any document or information revealed in the course of disclosure or discovery. Nothing contained herein shall preclude any Party from opposing or seeking any discovery on any basis. Nothing in this Order shall prohibit or interfere with the ability of Counsel for any Receiving Party to represent any individual, corporation, or other entity adverse to any Party or Non-Party or their affiliate(s) in connection with any other matter.

2.    <u>Violations of the Protective Order:</u> In the event that any Party or Non-Party violates the terms of this Protective Order or threatens to violate the terms of this Protective Order, the aggrieved Party or Non-Party may apply to the Court to obtain relief against any such Party or Non-Party violating or threatening to violate any of the terms of this Protective Order, including without limitation specific performance of their obligations herein. The Parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

3.  <u>Security Precautions and Data Breaches</u>: A Receiving Party that learns of a breach of confidentiality affecting any documents or materials it received from a Producing Party must promptly notify the Producing Party of the scope and nature of that breach and make reasonable efforts to contain, mitigate, and remedy the breach.

4.  <u>Trial</u>: This Protective Order shall not apply to Protected Material that is properly disclosed at a hearing or the trial of this Action. The closure of hearing or trial proceedings and sealing of the record of a hearing or trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the Parties before a hearing or the trial consistent with any applicable case management order. Notwithstanding the foregoing, this Order shall continue to apply after trial to all Protected Material not disclosed during the trial of this Action.

5.  <u>Effectiveness Pending Entry by the Court:</u> The Parties agree to be bound by the terms of this Protective Order pending the entry by the Court of this Protective Order, and any violations of the terms herein shall be subject to the same sanctions as if this Protective Order had been entered by the Court.

6.  <u>Protective Order Remains in Force</u>: This Protective Order shall remain in force and effect until modified, superseded, or terminated by order of the Court. Unless otherwise ordered, or agreed upon by the Parties, this Protective Order shall survive the termination of this Action. The Court retains jurisdiction even after termination of this Action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may, at any time, deem appropriate.

7.    <u>Modification</u>: Stipulations may be made, between Counsel for the respective Parties, as to the application of this Order to specific situations, or to alternative or supplemental confidentiality arrangements, provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any Party from seeking an order of the Court modifying or supplementing this Order.

**IT IS SO STIPULATED** this 17th day of November, 2025.


**KIRKLAND & ELLIS LLP**

/s/ Victoria Ryan
Victoria Ryan
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: 212-446-4800
victoria.ryan@kirkland.com

Judson Brown, P.C. (*pro hac vice*)
Emily M. Snoddon (*pro hac vice*)
Hanna Eddy (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: 202-389-5000
judson.brown@kirkland.com
emily.snoddon@kirkland.com
hanna.eddy@kirkland.com

*Attorneys for Plaintiff*


**PILLSBURY WINTHROP SHAW PITTMAN LLP**

/s/ Melissa C. Lesmes
Melissa C. Lesmes
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, NW
Washington, DC 20036
Telephone: 202-663-9385
melissa.lesmes@pillsburylaw.com

**ZETLIN & DE CHIARA LLP**

/s/ Roy H. Schwartz
Roy H. Schwartz
ZETLIN & DE CHIARA LLP
801 Second Avenue
New York, NY 10017
Telephone: 212-300-1412
rschwartz@zdlaw.com

*Attorneys for Defendants*


IT IS SO ORDERED this 18th day of November, 2025.


J. PAUL OETKEN
United States District Judge

**APPENDIX A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NECEC TRANSMISSION LLC, | |
| Plaintiff, | Case No. 1:25-cv-05351 |
| v. | **ECF Case** |
| CAMPOS EPC, LLC, and H.D.D. COMPANY, INC., | |
| Defendants. | |

**ENDORSEMENT OF STIPULATED PROTECTIVE ORDER**

      I hereby certify that I have read the Protective Order ("Order") entered in the above-captioned action and that I understand the terms thereof. I agree to be bound by the Order. If I receive documents or information designated as "CONFIDENTIAL" as that term is defined in the Order, I understand that such information is provided to me pursuant to the terms and restrictions of the Order. I agree to hold in confidence and not further disclose or use for any purpose, other than as permitted by the Order, any information disclosed to me pursuant to the terms of the Order. I further agree to submit to the jurisdiction of this Court for purposes of enforcing the Order. As soon as practical, but no later than thirty (30) days after final termination of this Action, I further agree to return or destroy all copies of documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

Name: _____

Signature: _____